UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 09 CR 596 |
| v. | Chief Judge James F. Holderman |
| ELGIN NATHAN JAMES | |

**GOVERNMENT'S UNOPPOSED MOTION PURSUANT TO 18 U.S.C. § 3161(h)
FOR AN EXTENSION OF TIME TO RETURN INDICTMENT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), for a 90-day extension of time, to and including November 10, 2009, in which to seek the return of an indictment against the defendant, for the following reasons:

1.  This case was initiated on July 10, 2009, through the filing of a one-count criminal complaint ("Complaint") charging ELGIN NATHAN JAMES ("JAMES") with attempted extortion affecting interstate commerce, in violation of Title 18, United States Code, Section 1951(a). The Complaint was accompanied by an affidavit of Federal Bureau of Investigation ("FBI") Special Agent Christopher Crocker setting forth the evidence establishing probable cause to support the Complaint.

2.  As the Complaint alleges, JAMES is a self-proclaimed founding member of a nationally organized street gang called "FSU" (which stands for "Fuck Shit Up" and "Friends Stand United") that formed in the 1990s in Boston, Massachusetts, purportedly to establish control over Boston's hardcore punk rock music scene. JAMES and other FSU

members boast in these popular media accounts that one of FSU's tenets is to outnumber any individual with whom FSU has a conflict and to inflict grave bodily harm upon such individual in a mass beating. In an episode of "Gangland" which aired on the History Channel in October 2008, JAMES and other FSU members described the development of FSU into a national street gang during the 2004-2006 time period with chapters being established in Boston, Chicago, Upstate New York (Troy), Philadelphia / South New Jersey, southern California, and Seattle, among other locations.

3. As the Complaint further alleges, the Victim in this case is a popular recording artist from the Chicago area who is not and has never been a member of FSU. While the Victim and the Victim's band were participating in a music festival touring North America in the Summer of 2005, the Victim had a disagreement with an employee of another act performing on the tour ("Rock Band A"). This employee was also associated with the head security guard for Rock Band A, an FSU member based in Chicago. Toward the end of the tour in August 2005, the Victim began to believe that members of FSU were targeting the Victim and wished to harm the Victim. In October 2005, the Victim and two of the Victim's associates were severely beaten before a scheduled performance in Boston. A few weeks later, JAMES telephoned the Victim on the Victim's cellular phone while the Victim was in Mokena, Illinois, and advised the Victim that JAMES could resolve the Victim's dispute with FSU if the Victim made a $5,000 "donation" to FSU through JAMES. In November 2005, the Victim and other associates of the Victim were attacked outside of a bar in Orlando, Florida, by a group of unknown males, some of whom were wearing clothing with logos that

said "FSU" and "FSU Nation." Shortly thereafter, the Victim contacted the FBI and began cooperating with agents in this investigation.

4. As the Complaint further alleges, the Victim and JAMES participated in a series of recorded telephone calls from December 2005 to February 2006. In these calls, the Victim agreed to pay JAMES the requested $5,000; JAMES assured the Victim that JAMES would clear the Victim's name with FSU once the payment was made; and the Victim and JAMES discussed the logistics of the Victim's payment. In February 2006, under FBI surveillance, the Victim met JAMES outside of a southern California nightclub and paid JAMES $5,000 in cash provided to the Victim by the FBI. Since that time, neither the Victim nor any of the Victim's associates have had any encounter with FSU members or any further contact with JAMES.

5. On July 13, 2009, FBI agents arrested JAMES at his home in Los Angeles, California. Defendant had his initial appearance before Magistrate Judge Victor B. Kenton in the Central District of California, at which time JAMES waived a preliminary hearing and was released from custody on an agreed bond of $100,000 secured by posted property. On July 23, 2009, the government provided early discovery to JAMES. On August 4, 2009, JAMES appeared in this district as agreed for an initial appearance before Magistrate Judge Geraldine Soat Brown, at which time JAMES waived a preliminary hearing and Magistrate Judge Brown entered an agreed order setting JAMES' conditions of release to include a $100,000 bond secured by the same property posted in the Central District of California.

6. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), the deadline within

which to seek an indictment in this case is presently August 12, 2009. Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B), which provides in relevant part:

> Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice[; and]
>
> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i), (iv).

7.    The government respectfully submits that the requested 90-day continuance is warranted in this case pursuant to the foregoing provisions. The government has been conducting a diligent and thorough investigation in this case, but some additional time is necessary to gather available evidence to reasonably and fully present the case to the grand jury. The government's investigation is national in scope, requiring additional time to coordinate the efforts of law enforcement agents in several cities across the country. The undersigned has spoken to counsel for JAMES, who advised that JAMES does not object to the granting of the government's motion and will use the additional time to analyze the early discovery provided by the government and to gather information to present to the government before charges are filed in the case. Moreover, the parties will use the additional time to determine whether it will be necessary to present the case to the grand jury for indictment. Finally, as noted above, JAMES was released from custody on an agreed bond

and is not presently detained.

8.      Because the reasons set forth herein comprise the full basis for the government's requested extension of time to indict, there is no supplemental under seal filing accompanying this motion.

WHEREFORE, the United States respectfully requests that the Court grant this motion and enter an Order extending the time within which to seek an indictment in this case by 90 days from August 12, 2009, through and including November 10, 2009.

                                          Respectfully submitted,

                                          PATRICK J. FITZGERALD
                                          United States Attorney

Dated: August 7, 2009                      /s Ryan S. Hedges
                                          RYAN S. HEDGES
                                          Assistant United States Attorney
                                          219 South Dearborn Street, Room 500
                                          Chicago, Illinois 60604
                                          (312) 353-5340

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Federal Rules of Criminal Procedure 49 and 5, and Local Rule 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing document:

GOVERNMENT'S UNOPPOSED MOTION PURSUANT TO 18 U.S.C. § 3161(h) FOR AN EXTENSION OF TIME TO RETURN INDICTMENT

was, on August 7, 2009, served pursuant to the district court's ECF system:

Daniel D. Rubinstein
Abigail A. Clapp
Greenberg Traurig LLP
77 West Wacker Drive
Suite 3100
Chicago, IL  60601

Counsel for Defendant
ELGIN NATHAN JAMES

          /s Ryan S. Hedges
          RYAN S. HEDGES
          Assistant United States Attorney